In re Domingo & Nora VELEZ, Debtors.

Domingo VELEZ, Jr. and Nora G.
Velez, Plaintiffs,

v.

HOUSEHOLD FINANCE
CORPORATION,
Defendant.

Bankruptcy No. 81–0374.
Related Case: 81–00174.

United States Bankruptcy Court,
N. D. Ohio, W. D.

Oct. 20, 1981.

David L. Honold, Toledo, Ohio, for plaintiffs.

Richard J. Szczepaniak, Hunter & Schank, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Debtors' Motion for Judgment on the Pleadings.

It appears that the facts of this case are not in dispute. The Debtors entered into a security agreement with Household Finance Corporation on February 14, 1980. Debtors borrowed approximately Two Thousand Three Hundred Forty-Two and $^{65}/_{100}$ Dollars ($2,342.65), giving as collateral for this loan a security interest in certain personal property of the Debtors, more specifically household furnishings, household goods, appliances and furniture which were held primarily for the personal, family and household use of the Debtors and their dependents. Debtors' interest in the aforementioned property does not exceed the prescribed limits for exemptable property as set forth in Ohio Revised Code Section 2329.661.

The issue concerning the constitutionality of the retroactive application of Section 522(f) of the Bankruptcy Code, has been challenged in virtually all jurisdictions. Cases are currently being considered by the United States Supreme Court as well as the Court of Appeals for the Sixth District on this issue.

The issue before this Court however, presents itself to the constitutionality of the prospective application of the statute. In essence, the existence of the statute is being challenged.

It appearing that no challenge has been made to the perfection or validity of the security interest, the Court will not address itself to that aspect.

It is the position of this Court, as stated in *In re Marinski*, 9 B.R. 579 (Bkrtcy. N.D.Ohio 1981), that in addition to the basic presumption of constitutionality which is to be applied to every statute, there is a principle of construction that where the validity of a statute is attacked, and there are two possible interpretations, by one of which would be unconstitutional and by the other

it would be valid, the Court should adopt the construction with which it will be upheld. See 16 Am.Jur.2d, Constitutional Law Section 212, 219; 16 C.J.S., Constitutional Law § 97, p. 349, note 78.

 As previously stated in *Marinski*, supra., Congress is not prohibited from enacting legislation which impairs the obligation of contract, though the states clearly are so prohibited. "Indeed every bankruptcy act avowedly works such impairment. While, therefore, the Fifth Amendment forbids the destruction of a contract it does not prohibit bankruptcy legislation affecting the creditors remedy for its enforcement against the debtor's assets, or the measure of the creditor's participation therein, if the statutory provisions are consonant with a fair, reasonable, and equitable distribution of those assets." *Kuehner v. Irving Trust Co.*, 299 U.S. 445, 57 S.Ct. 298, 81 L.Ed. 340 (1937).

Since this Court in *Marinski* determined that Section 522(f) is constitutional as applied retroactively, it will also be held constitutional as applied prospectively for the reason cited above.

It is therefore ORDERED that Debtors' Motion for Judgment on the Pleadings is hereby GRANTED and the lien is hereby AVOIDED.